

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2009

# USA v. Felix Ortiz-Velez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4722

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Felix Ortiz-Velez" (2009). *2009 Decisions.* Paper 1351.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1351

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4722
_____

UNITED STATES OF AMERICA

v.

FELIX ORTIZ-VELEZ, also known as John Doe, also known as Bori
Felix Ortiz-Velez, Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 96-cr-00005)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
Opinion filed: May 19, 2009

_____

OPINION
_____

PER CURIAM.

        Felix Ortiz-Velez, a federal prisoner proceeding pro se, appeals an order of

the United States District Court for the Middle District of Pennsylvania denying his

1

motion for transcripts. We will affirm.

In 1998, Ortiz-Velez pleaded guilty in District Court to two counts of killing and aiding and abetting a killing in furtherance of a continuing criminal enterprise. He was sentenced to two consecutive terms of life in prison. Ten years later, in 2008, Ortiz-Velez filed a motion in District Court requesting the transcripts from his plea hearing and sentencing. Ortiz-Velez asserted that he had discovered new evidence that, when combined with his state convictions, indicated that he had been twice put in jeopardy of punishment for a single offense, in violation of the double jeopardy clause of the United States Constitution.

The District Court denied Ortiz-Velez's motion, explaining that, to the extent he claims a double jeopardy violation based on sentences imposed in federal and state court for the same crime, he has no cause of action. See Heath v. Alabama, 474 U.S. 82, 88-89 (1985) (stating that, under the dual sovereignty doctrine, successive prosecutions by state and federal governments for the same conduct are not barred by the double jeopardy clause). The District Court also noted that Ortiz-Velez's plea and sentencing hearings did not appear to have been transcribed. The District Court stated that it would not order transcriptions on a frivolous claim. This appeal followed.

In his notice of appeal, Ortiz-Velez again asserts that his newly discovered evidence, when combined with his state and federal sentencing transcripts and plea agreements, will establish a double jeopardy violation. He argues that a criminal

2

defendant has a right to the record on appeal, including transcripts of proceedings, and that the dual sovereignty doctrine should not create an exception to the Fifth Amendment of the Constitution.

The District Court correctly stated that, under the dual sovereignty doctrine, Ortiz-Velez does not have a valid double jeopardy claim based on prosecutions for the same conduct in federal and state court. See Heath, 474 U.S. at 88-89; United States v. Pungitore, 910 F.2d 1084, 1105-06 (3d Cir. 1990). Had Ortiz-Velez filed a motion pursuant to 28 U.S.C. § 2255 raising his double jeopardy claim, transcripts would have been prepared at the Government's expense only if the trial judge certified that the suit was not frivolous and that the transcripts were needed to decide the issue presented. See 28 U.S.C. § 753(f). The District Court did not abuse its discretion in denying Ortiz-Velez's motion for transcripts where he did not establish that the claim he wished to pursue was not frivolous.

Because this appeal does not raise a substantial question, we will affirm the District Court's order.

3